IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy No. 14-23098-CMB |
| JEFFREY D. ABRAMOWITZ, | ) | Chapter 7 |
| Debtor. | ) | |
| MYRNA COHEN, | ) | Related to Doc. No. 44 |
| Movant, | ) | |
| v. | ) | |
| JEFFREY D. ABRAMOWITZ, | ) | |
| Respondent. | ) | |

MEMORANDUM OPINION

The matter before the Court is the *Motion for Relief from Judgment or Order* ("Motion") filed by Myrna Cohen ("Movant").[1] The Motion, filed pursuant to Fed.R.Bankr.P. 9024 and Fed.R.Civ.P. 60, seeks relief from the Order granting Debtor a discharge with respect to a civil judgment against Debtor and a legal malpractice action against Debtor. In response to the Motion, Debtor filed his *Answer to Motion for Relief from Judgment or Order* ("Response").[2] A hearing on the Motion was held on March 31, 2015, at which time the Court took the matter

---

[1] This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§157 and 1334. This is a core matter pursuant to 28 U.S.C. §157(b)(2)(A), (I), and (J), and the Court will enter final judgment. However, if the United States District Court determines pursuant to the rationale set forth in *Stern v. Marshall*, 131 S.Ct. 2594 (2011), that this Court does not have the authority to enter final judgment, then the Memorandum Opinion and Order entered shall constitute this Court's recommendation to the District Court.

[2] Subsequently, Debtor filed a *Supplemental Post-Hearing Answer to Motion for Relief from Judgment or Order and Withdrawal of All Previous Consents to Said Motion and Prior Motions* ("Supplemental Response") in an apparent attempt to clarify his position. *See* Doc. No. 52.

1

under advisement. Thereafter, upon determining that certain issues required briefing, this Court entered an Order dated April 8, 2015 ("Briefing Order") setting forth the matters to be briefed. The Briefing Order provided, *inter alia*, that:

> No hearing will be held following briefing unless separately scheduled by the Court. If the parties seek a hearing prior to this Court rendering a decision on the Motion, a motion requesting a hearing shall be filed on or before the briefing deadline; otherwise, the Motion will be taken under advisement as of May 9, 2015.

*See* Doc. No. 51. As the parties have submitted their briefs and neither filed a motion requesting a hearing, the matter is ripe for decision. For the reasons set forth herein, this Court finds that the Motion must be denied.

Background and Procedural History

The above-captioned bankruptcy case was commenced by the Debtor on July 31, 2014. On August 1, 2014, this Court issued the *Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines* ("Notice"), which established the deadline to object to Debtor's discharge or to challenge dischargeability of certain debts as November 7, 2014. An explanation of the deadline is set forth therein as follows:

> The debtor is seeking a discharge of most debts, which may include your debt. A discharge means that you may never try to collect the debt from the debtor. If you believe that the debtor is not entitled to receive a discharge under Bankruptcy Code §727(a) or that a debt owed to you is not dischargeable under Bankruptcy Code §523(a)(2), (4), or (6), you must file a complaint ─ or a motion if you assert the discharge should be denied under §727(a)(8) or (a)(9) ─ in the bankruptcy clerk's office by the "Deadline to Object to Debtor's Discharge or to Challenge the Dischargeability of Certain Debts" listed on the front of this form. The bankruptcy clerk's office must receive the complaint or motion and any required filing fee by that deadline.

*See* Doc. No. 10. Despite the issuance of the Notice on August 1, 2014, due to a change of address, Movant asserts that she did not become aware of the Debtor's bankruptcy filing until after October 3, 2014.

2

Due to the delay in notice, on November 7, 2014, Movant filed a *Motion for Extension of Time to File a Complaint Objecting to Discharge Pursuant to Bankruptcy Rule 4004(b) and Motion to Reconvene Meeting of Creditors* ("Motion for Extension"). There was no objection to the Motion for Extension, and this Court was advised at the hearing on the matter that Debtor did not object to the extension. Accordingly, this Court entered *Movant's proposed order*, with the exception of reconvening the meeting of creditors. The Order dated November 25, 2014, provides as follows:

> [U]pon consideration of Movant's Motion for Extension of Time to File a Complaint Objecting to Discharge Pursuant to Bankruptcy Rule 4004(b) . . . , it is hereby ORDERED that:
>
> 1. Movant is granted an extension of time of 30 days following the date of this Order within which Movant, Myrna Cohen may file a Complaint Objecting to Debtor's Discharge.

*See* Doc. No. 28. Accordingly, the extension provided Movant until December 25, 2014, to file such a complaint.

On December 24, 2014, prior to the expiration of the extension to file a complaint objecting to discharge, Movant filed a pleading entitled "Complaint Objecting to Debtor's Discharge and/or to Challenge Dischargeability of Certain Debts" (hereinafter, the "Complaint"). In relation to that filing, which was procedurally improper, the Court docketed a corrective entry as a notification that the filing was not properly docketed and required refiling.[3] On January 12, 2015, Movant again filed a pleading entitled "Complaint Objecting to Debtor's Discharge and/or to Challenge Dischargeability of Certain Debts." Once again, due to procedural error, the filing

---

<sup>3</sup> The Court's corrective entry stated: "ENTRY MUST BE REFILED, BY ATTORNEY, AS AN ADVERSARY PROCEEDING."

resulted in a corrective entry requiring refiling.[4] Despite the foregoing, by February 19, 2015, Movant failed to comply with this Court's corrective entries; and, without a properly filed complaint objecting to discharge, the Debtor's discharge was granted by Order entered February 19, 2015 ("Discharge Order").

On March 5, 2015, Movant filed her initial motion seeking relief from the Discharge Order. Said motion was refiled in compliance with the Court's Local Rules as the Motion currently pending before the Court. The Motion seeks relief from the Discharge Order to permit Movant to proceed with the Complaint, specifically as it relates to a judgment against Debtor, and to permit the continuation of a legal malpractice action against Debtor. With respect to the legal malpractice action, Movant requests an order finding that the action is not discharged to the extent recovery is limited to insurance proceeds.

Initially, it appeared that Debtor consented to permitting the malpractice litigation to go forward with the limitation of recovery to applicable insurance coverage; however, Debtor subsequently filed his Supplemental Response withdrawing any consent. Although the Supplemental Response does not provide a complete clarification, it appears that Debtor's prior, *limited* consent was conditioned upon the consented to relief being the *only* relief Movant would be granted. Accordingly, Movant's continued attempt to proceed with the Complaint in addition to the malpractice litigation violated that condition. There is no indication that Debtor consented to Movant's request to proceed with the Complaint after the deadline passed and after the Discharge Order was entered. As consent is lacking, this Court considers whether the Motion should be granted.

---

[4] The Court's corrective entry stated: "INCORRECT DOCKET EVENT USED. ENTRY MUST BE REFILED, BY ATTORNEY. THIS ENTRY MUST BE FILED UNDER THE ADVERSARY DOCKET EVENT."

Analysis

As a preliminary matter, the Court notes that Movant seeks relief from the Discharge Order citing to Fed.R.Bankr.P. 9024, which incorporates Fed.R.Civ.P. 60. In her brief, Movant specifically seeks relief from the Order pursuant to Fed.R.Civ.P. 60(b)(6) under the general category of "any other reason that justifies relief." Movant cites to the rule without any discussion of the applicable standard. Notably, relief pursuant to Fed.R.Civ.P. 60(b)(6) is only available under exceptional circumstances. *See In re Cook*, No. 09-25681-JAD, 2012 WL 1073239, at *7 (Bankr.W.D.Pa. Mar. 29, 2012).

Significantly, relief from the Discharge Order is only part of the relief sought by Movant, as Movant also seeks to proceed with her Complaint and the malpractice litigation. Vacating the Discharge Order, however, would not render Movant's Complaint timely filed nor would it constitute a determination regarding an objection to discharge or dischargeability of a particular debt. As the Court observed in *Cook*, if the deadline to commence such a proceeding has passed, "vacating the Debtor's discharge pursuant to Rule 60(b) would only leave this case in a procedural vacuum." *See id*. Therefore, this Court will consider whether the applicable deadline to proceed expired such that Movant is nonetheless without a remedy.[5]

The original deadline to object to Debtor's discharge or to challenge the dischargeability of certain debts was November 7, 2014. Although Movant asserts that she did not receive notice of the bankruptcy case until after October 3, 2014, she was able to timely file her Motion for Extension, explicitly requesting an extension of time to file a complaint *objecting to discharge pursuant to Fed.R.Bankr.P. 4004(b)*. The time for objecting to discharge is set by Fed.R.Bankr.P.

---

[5] To thoroughly consider the matters raised, this Court will proceed with the analysis despite the outstanding question of whether a party may seek to vacate an order granting discharge by filing a motion pursuant to Fed.R.Civ.P. 60(b). *See Cook*, 2012 WL 1073239, at *6 (discussing varied approaches by courts on this issue). *See also In re Snavley*, 506 B.R. 682 (Bankr.W.D.Pa.2013). Ultimately, as this Court denies such relief, this matter need not be resolved at this time.

4004(a), which provides, in pertinent part, "In a chapter 7 case, a complaint, or a motion under §727(a)(8) or (a)(9) of the Code, objecting to the debtor's discharge shall be filed no later than 60 days after the first date set for the meeting of creditors under §341(a)." Requests for extension are governed by Fed.R.Bankr.P. 4004(b):

> (b) Extension of Time
> (1) On motion of any party in interest, after notice and hearing, the court may for cause extend the time to object to discharge. Except as provided in subdivision (b)(2), the motion shall be filed before the time has expired.

*See* Fed.R.Bankr.P. 4004(b)(1). The Motion for Extension was granted, providing an extension of thirty days to Movant to file a complaint objecting to discharge. *See* Doc. No. 28.

The motion, however, did *not* seek an extension of time pursuant to Fed.R.Bankr.P. 4007, which governs determination of dischargeability of a debt. Rule 4007 provides a particular deadline for a complaint to determine dischargeability of a debt under 11 U.S.C. §523(c), which encompasses the kinds of debts specified in §523(a)(2), (4), and (6).[6] Fed.R.Bankr.P. 4007(c) provides that a complaint "under §523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under §341(a)." However, an extension is available as follows: "On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. *The motion shall be filed before the time has expired.*" See

---

[6] Section 523(c)(1) provides as follows:

Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section.

6

Fed.R.Bankr.P. 4007(c)(emphasis added). No such extension was requested prior to the expiration of the deadline, which lapsed on November 7, 2014.[7]

It was not until December 24, 2014, that Movant first filed her procedurally improper Complaint. The Complaint was filed pursuant to 11 U.S.C. §727(b) and/or §523(a)(2). Although the Complaint requests either a finding of nondischargeability of the debt to Movant *or* denial of Debtor's discharge altogether, this Court notes that reliance on §727(b)[8] does not provide an independent basis for denial of discharge. Further, at the hearing held on March 31, 2015, Movant clarified that denial of discharge under §727 would not be pursued and relief was sought only under §523.

To the extent Movant seeks to proceed only pursuant to §523(a)(2), the extension of time granted pursuant to Fed.R.Bankr.P. 4004 is not applicable; rather, Fed.R.Bankr.P. 4007 governs. *See Bricker v. Scalera* (*In re Scalera*), No. 13-02103-CMB, 2013 WL 5963554, at *2 (Bankr.W.D.Pa. Nov. 8, 2013) (contrasting the denial of the dischargeability of a debt to the denial of debtor's discharge generally and finding the two are "wholly distinguishable actions the timeliness of which are governed by separate procedural rules"). It is clear that the deadline to

---

[7] The Court further notes that, pursuant to Fed.R.Bankr.P. 9006(b)(3), "The court may enlarge the time for taking action under Rules . . . 4004(a), 4007(c) . . . only to the extent and under the conditions stated in those rules."

[8] 11 U.S.C. §727(b) provides as follows:
(b) Except as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter, and any liability on a claim that is determined under section 502 of this title as if such claim had arisen before the commencement of the case, whether or not a proof of claim based on any such debt or liability is filed under section 501 of this title, and whether or not a claim based on any such debt or liability is allowed under section 502 of this title.

proceed with a challenge to dischargeability pursuant to §523(a)(2) expired *prior to the filing of the initial Complaint*, and Movant concedes this point.[9]

Accordingly, the case law cited in Movant's brief is distinguishable from the facts of this case. In her brief, Movant cites to *Popa v. Calinoiu* (*In re Calinoiu*), 431 B.R. 121 (Bankr.W.D.Pa.2010), and urges this Court to permit the Complaint to proceed to a decision on its merits. In *Popa*, the Court treated a late-filed complaint as being timely filed. In that case, however, the initial complaint was timely filed, though procedurally improper, and then refiled properly after the deadline expired. The court examined a number of cases with similar facts and observed:

> Numerous courts have addressed the identical issue—where an objection to discharge has been timely filed in the main bankruptcy case and later refiled after the "bar date" as an adversary proceeding—and have either applied the equitable "relation back" doctrine or simply deemed the late filed complaint as timely filed.

*See Popa*, 431 B.R. at 123. In contrast, there is no timely complaint alleging nondischargeability under §523 filed in this case. The Complaint was only timely filed for the purpose of alleging an objection to discharge under §727(a), which it did not do. Although the analysis set forth in *Popa* is persuasive, those are not the facts before this Court.

Notwithstanding the foregoing, Movant urges the Court to permit the Complaint to go forward based upon equitable considerations. The Court notes that in reference to Rules 4004 and 4007, the Court in *Cook* held that "[w]here these time limits have expired, the Court does not have discretion to extend them." *See* 2012 WL 1073239, at *6. However, as seen in *Popa*, there may be some room for equitable considerations. *See* 431 B.R. at 123. The extent to which equitable considerations may apply, however, need not be determined by this Court at this time

---

[9] "There is no question that Movant filed her extension Motion [Document 21] under Rule 4004 and not Rule 4007. Also, the 60-day deadline of rule 4007(c) expired on November 7, 2014." *See* Movant's Brief, Doc. No. 53, at 8.

as Movant fails to demonstrate the applicability of equitable considerations based upon the circumstances presented.

Movant asserts that the Court's powers under 11 U.S.C. §105 may provide relief from the deadline set by Fed.R.Bankr.P. 4007. In support of this contention, Movant provides little more than a citation to the statute. However, "§105 can only be exercised within the confines of the Bankruptcy Code and cannot be used to disregard statutory language." *See Cook*, 2012 WL 1073239, at *8. Movant failed to demonstrate, and this Court is unconvinced, that use of §105 is appropriate under the circumstances presented.

In addition, within her brief, Movant cites generally to the equitable considerations raised by the plaintiffs in *Scalera* (i.e., waiver, manifest injustice, notice, consent, and de facto extension of time for objection) suggesting that these matters are now before the Court for consideration. *See* 2013 WL 5963554, at * 3. Despite this reference to *Scalera*, Movant provided no analysis of these potential equitable arguments and their applicability to the facts of this case. The application of these equitable considerations is not evident based upon the record.

Movant asks this Court to consider that she did not receive notice of the bankruptcy case until October 3, 2014; however, this was not only *before* the expiration of the deadlines prescribed by Fed.R.Bankr.P. 4004 and 4007, but also proved to be sufficient notice for Movant to timely file her Motion for Extension pursuant to Fed.R.Bankr.P. 4004. Movant offered no explanation for the failure to seek an extension of time pursuant to Fed.R.Bankr.P. 4007.

Movant further asks the Court to consider the fact that Debtor never objected to the filing of the Complaint. To the extent Movant may be suggesting waiver by Debtor, Movant's argument is misleading as a properly filed complaint was not filed and thus Debtor was never required to respond.

In addition, Movant raises Debtor's prior consent to continuation of the malpractice litigation with the limitation of recovery to applicable insurance proceeds. This limited consent was not consent to untimely discharge and/or dischargeability proceedings against the Debtor, and the consent appeared to have been conditioned upon Movant limiting her relief to only insurance proceeds as opposed to pursuing the Complaint.[10] Further, although the Motion seeks relief from the Discharge Order to proceed with the malpractice litigation, the Court notes that Movant did not raise the malpractice litigation in the Complaint. Thus, it is not clear on what basis Movant would challenge dischargeability under §523. However, if such challenge would fall within the purview of §523(c) and the deadline of Fed.R.Bankr.P. 4007(c), then the time to proceed expired on November 7, 2014.

Upon consideration of the entire record of this case, Movant failed to establish exceptional circumstances in support of her request to vacate the Discharge Order. Further, vacating the Discharge Order would not provide Movant with the relief she ultimately seeks, which is the ability to belatedly challenge the dischargeability of debts.

---

[10] The Court notes that Movant attempted to seek relief from stay twice to proceed with the legal malpractice action. Therein, she represented that she would only pursue recovery from insurance proceeds. However, due to Movant's failure to comply with corrective entries, both motions were denied without prejudice. Therefore, despite any potential agreement with Debtor to proceed with the malpractice litigation, the request for relief from stay was never properly filed, and, accordingly, the Court did not consider the request or any consensual relief related thereto. Further, to the extent Movant attempts to renew the request at this time, based upon the status of this bankruptcy case, the Court notes that, pursuant to 11 U.S.C. §362(c)(1) and (c)(2)(C), "the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate" and, with respect to the stay of any other act, until the time a discharge is granted to an individual Chapter 7 debtor.

Conclusion

Therefore, based upon the foregoing, this Court finds that the Motion must be denied. The Discharge Order remains in full force and effect. An Order will be entered consistent with this Memorandum Opinion.


Dated: May 19, 2015                                       /s/ Carlota M. Böhm
                                                               Carlota M. Böhm
                                                               United States Bankruptcy Judge


**MAIL TO:**
       Office of the United States Trustee
       Kenneth M. Steinberg, Esq.
       Jeffrey T. Olup, Esq.